ESKEL JOHNSON AND OTHERS v. IN RE VOLUNTARY DISSOLUTION OF SOUL WINNERS MISSION SCHOOL, INC. GORDON A. JOHNSON, RECEIVER.

95 N. W. (2d) 4.

February 13, 1959—No. 37,529.

*F. Gordon Wright* and *C. Alfred Bergsten,* for appellants.
*Harold E. Farnes,* for respondents.

MAGNEY, COMMISSIONER.

In a proceeding involving the voluntary dissolution of a nonprofit religious corporation, objectors appeal from an order appointing a liquidating receiver and requiring objectors to vacate the premises owned by the corporation.

The corporation was organized in 1947 under the name of Children's Mission School, Inc. On October 5, 1955, the articles of incorporation were amended and the name of the corporation was changed to Soul Winners Mission School, Inc. Objectors question the legality of this and other amendments adopted at the same time.

The corporation operated a school for children under a license issued by the State of Minnesota. A renewal of the license was refused, and for approximately 2 years prior to the filing of the petition for dissolution it had no children at its school or under its care. The corporation was therefore unable to function as authorized by its articles of incorporation. Furthermore, dissension of a bitter nature developed among its members. The unpleasant facts need not be recited. Dissolution is the only answer. We agree fully with the trial court when it observed: "The entire history of this controversy indicates that dissolution is the only logical solution."

At the time of the filing of the petition for dissolution the corporation was the owner of real estate in Dakota County valued at $25,000, and its personal property and contingent assets were valued at $700. The liabilities were listed as $2,718.

◼ At a meeting of the board of directors on October 4, 1954, proposed amendments to the articles of incorporation, such as change of name, membership qualifications, and disposition of property on dissolution, were unanimously passed. At a special meeting on October 18, 1954, the board unanimously agreed that the submission of the proposed amendments be postponed until the annual meeting in 1955. Notices as to the 1955 meeting and the proposed amendments were sent out by the secretary. In the afternoon of October 1, 1955, preceding the meeting, the board unanimously voted not to propose the amendments as a board, but one of the members reserved the right to do so at the meeting. This was done.

M. S. A. 317.27, subd. 2(1), provides:

"* * * the board of directors shall propose the amendment to the articles * * *."

And subd. 2(2) states:

"If notice required by clause (1) has been given, the proposed

amendment may be adopted at any meeting of the members."

As stated, the amendments were proposed at the meeting of the board on October 4, 1954. The required notice had been given. The meeting was held. The amendments were unanimously adopted, as proposed or as amended. The objectors voted for the amendments. The most strenuous objection now centers on the amendment which changed the name. This was unanimously adopted without change. All the statutory requirements were fulfilled, so the amendments must be considered legally adopted. As the question before us concerns the validity of the dissolution proceedings, the question of the validity or invalidity of the amendment to the articles of incorporation, so strenuously argued by objectors, may be of little or no importance.

■ On July 1, 1957, the board of directors unanimously adopted a resolution recommending the institution of voluntary proceedings for dissolution of the corporation. A notice of a meeting to be held on July 29, 1957, for the purpose of receiving and acting upon the recommendation was mailed to all persons who, according to the records of the corporation, were members in 1955, 1956, and 1957. At the meeting so held on that date, a unanimous vote recommending dissolution was recorded. The provisions of § 317.46, subd. 2, which sets out the procedure for dissolution, were fully complied with. The statute reads as follows:

"Where there are members with voting rights, application to the district court may be made only after approval by the directors and members of a resolution recommending the institution of voluntary proceedings for dissolution of the corporation. Such resolution shall be submitted, after approval by the directors, to the members with voting rights at an annual, a regular, or a special meeting of which special notice has been given. * * *"

After the board and the members had unanimously recommended the institution of voluntary proceedings for dissolution, proceedings were properly instituted by the filing of a petition dated July 30, 1957, signed "SOUL WINNERS MISSION SCHOOL, INC., formerly CHILDREN'S MISSION SCHOOL, INC.," by its proper officers. An order to show cause was issued. Notices of hearing were given as directed by the court and

hearings held, all in strict compliance with §§ 317.46, 317.50, and 317.53. The order appealed from resulted. Since this order simply appointed a liquidating receiver with directions and required objectors to vacate the premises owned by the corporation; since more than sufficient basis for dissolution exists; and since no irregularity can be found in the proceedings, it is obvious that the order appealed from must be affirmed.

Order affirmed.